**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **ADERITO PEDRO DA SILVA,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**DAVID WESLING, et al.,**<br><br>**Respondents.** | ) | **Civil Action No.**<br>**26-14705-FDS** |

**MEMORANDUM AND ORDER ON**
**PETITION FOR WRIT OF HABEAS CORPUS**

**SAYLOR, J.**

This is a habeas petition that concerns the government's authority to hold a non-citizen pending removal proceedings.[1] Petitioner Aderito Pedro Da Silva is a national of Angola who entered the United States on a student visa in 2023, a visa that has since expired. On October 12, 2026, he was taken into immigration custody. He contends his arrest and detention violate his Fifth Amendment rights, and he seeks his immediate release or a bond hearing.

[1] The petition names David Wesling, Field Office Director of Enforcement and Removal Operations for the Boston Field Office, U.S. Immigration and Customs Enforcement; Markwayne Mullin, U.S. Secretary of Homeland Security; Todd Blanche, U.S. Attorney General; and the U.S. Department of Homeland Security Executive Office of Immigration Review as respondents. It alleges that petitioner is detained at the Plymouth County Correctional Facility in Plymouth, Massachusetts. (Pet. for Writ of Habeas Corpus ¶ 6, Dkt. No. 1).

The Court notes that "the person who has custody over [the petitioner]" is the only proper respondent. 28 U.S.C. § 2242; *see Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000) ("[A]n alien who seeks a writ of habeas corpus contesting the legality of his detention by the INS normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained."); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). Markwayne Mullin and Todd Blanche are national officials and have no direct supervision over ICE detainees in Massachusetts. The Court will therefore dismiss the claims against those respondents.

## I. Background

Aderito Pedro Da Silva is a national of Angola. (Pet. for Writ of Habeas Corpus ["Pet."] ¶ 1, Dkt. No. 1). In April 2023, he lawfully entered the United States on a student visa. (*Id.*). The government represents that he then overstayed his visa. (Resp. to Habeas Pet. ["Resp."] at 1, Dkt. No. 6). He has a pending asylum application, filed in June 2023, as well as an employment authorization. (Pet. ¶¶ 1-2). Da Silva lives in Maine with his fiancée. (*Id.* ¶ 2).

On October 12, 2026, Da Silva was pulled over and arrested by ICE. (*Id.* ¶ 3). He alleges no warrant has been presented for his arrest. (*Id.* ¶ 18). Nothing in the record presently before the Court indicates Da Silva has a criminal history, nor does the record shed light on the circumstances of his arrest.

On October 16, 2026, he filed, through counsel, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition contends that his warrantless arrest and his ongoing detention without a bond hearing violate his Fifth Amendment right to due process. He seeks his immediate release or an individualized bond hearing.

The same day, the Court ordered that petitioner not be moved outside this District without prior notice until further order of the Court. (Order Concerning Stay of Transfer or Removal at 2, Dkt. No. 4). It directed respondents to answer the petition and to "address whether the First Circuit's decision in *Guerrero Orellana v. Moniz*, Nos. 25-2152, 26-1094 (1st Cir. Aug. 13, 2026), controls this matter." (*Id.* at 1).

On October 21, 2026, respondents filed an abbreviated response in which they acknowledge that Da Silva is entitled to a bond hearing under 8 U.S.C. § 1226(a). (Resp. at 1). They oppose his immediate release without a bond hearing. (*Id.*). They do not provide a copy of a warrant for his arrest or respond to the factual allegations in the petition.

## II. Discussion

Respondents concede that petitioner is entitled to a bond hearing and contend that his present detention is authorized by § 1226(a).

Due process entitles a § 1226(a) detainee to a hearing in which the government must "either (1) prove by clear and convincing evidence that [the detainee] poses a danger to the community or (2) prove by a preponderance of the evidence that [he] poses a flight risk." *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021). Due process therefore requires that petitioner be granted a bond hearing in which the government bears the burden of proof. *See id.*; *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. § 236.1(d)(1)) (explaining that "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention"). His continued detention without a bond hearing is "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3). The Court will therefore grant his petition.

## III. Conclusion and Order

For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED. Respondents are hereby ORDERED to either release petitioner or provide him a bond hearing, governed by the applicable legal standards, no later than October 30, 2026. Respondents shall file a status report about their compliance with this Order on or before November 4, 2026. The claims against Markwayne Mullin and Todd Blanche are DISMISSED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: October 23, 2026